**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4881

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINSTON R. IRONS, a/k/a Tony,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:12-cr-00016-JPB-JSK-1)

Submitted: July 18, 2013          Decided: August 6, 2013

Before KING, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Irons appeals his convictions for possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, he challenges the district court's denial of his motion to suppress and admission of prior bad acts under Fed. R. Evid. 404(b). We affirm.

Irons first argues that the district court erred by denying his motion to suppress the evidence seized on October 5, 2011, challenging the informant's reliability. In reviewing the denial of a motion to suppress, "we review a district court's factual findings . . . for clear error[] and the legal determinations *de novo*," United States v. Black, 707 F.3d 531, 537 (4th Cir. 2013), and "view the facts in the light most favorable to the Government, as the party prevailing below." Id. at 534. "We defer to the district court's credibility findings, as it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks omitted).

"[A] police officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). Reasonable

2

suspicion requires an officer to have "a particularized and objective basis for suspecting legal wrongdoing" based on "the totality of the circumstances." United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). "In cases where an informant's tip supplies part of the basis for reasonable suspicion, we must ensure that the tip possesses sufficient indicia of reliability." United States v. Perkins, 363 F.3d 317, 323 (4th Cir. 2004); see Griffin, 589 F.3d at 152 (discussing factors courts consider in determining whether officer had reasonable suspicion to effectuate stop based on informant's tip).

Our review of the record on appeal leads us to conclude that the officer to whom the informant reported the tip "had objective reason to believe that [the] tip had some particular indicia of reliability[,] . . . [which] support[ed] [the officer's] decision to investigate further." Perkins, 363 F.3d at 325 (internal quotation marks omitted); see Florida v. J.L., 529 U.S. 266, 270 (2000) (stating that known informant's tip generally is more reliable than unknown informant's because known informant "can be held responsible if [his] allegations turn out to be fabricated"). In his investigation, the officer learned that Irons had a revoked driver's license, and Irons was observed driving a car without a valid license along the anticipated route the informant had provided. Thus, we conclude

3

that the stop did not violate Irons' Fourth Amendment rights. See Wardlow, 528 U.S. at 123.

Irons next asserts that the district court erred by admitting evidence of his prior bad acts in 2006 and 2008. He contends that, because he was never prosecuted for those acts, the Government introduced them solely to demonstrate that he acted like a drug dealer. Irons also argues that the 2006 act was too old to be reliable. The Federal Rules of Evidence prohibit the admission of evidence of "other crimes" solely to prove a defendant's bad character, Fed. R. Crim. P. 404(b)(1), but such evidence "may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2); see United States v. McBride, 676 F.3d 385, 395-96 (4th Cir. 2012) (discussing Rule 404(b) and four-factor test used to determine admissibility). We review the district court's admission of evidence of prior bad acts for an abuse of discretion. Id. at 395.

Contrary to Irons' arguments on appeal, we conclude that the evidence of the 2006 controlled buy and the June 2008 traffic stop were probative of Irons' intent. Although Irons suggests that the prior bad acts are not relevant due to the lapse of time between those acts and the instant offenses, we conclude that the acts are not too remote to render the evidence

4

inadmissible given the similarities between the prior bad acts and the charged offenses. See United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (holding that conviction occurring twenty-two years prior was admissible because similarities between charged offense and prior crime were significant and lapse of time alone did not render conviction inadmissible). Moreover, the risk of any unfair prejudice was mitigated by the district court's thorough and repeated cautionary instructions on the proper use of the evidence of prior bad acts, and the jury is presumed to follow the court's instructions. United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012). Thus, the district court did not abuse its discretion in admitting the challenged evidence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED